**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**STATESBORO DIVISION**



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR614-007 |
| | ) | |
| SANTANA LUNDY | ) | |

# ORDER

Convicted on her guilty plea and sentenced to 69 months plus $12,434.92 restitution for wire fraud conspiracy (18 U.S.C. § 1349), theft of public money (18 U.S.C. § 641), and aggravated identity theft (18 U.S.C. § 1028A), doc. 33, Santana Lundy filed a "Motion to Challenge Said Loss as Oppose [sic] to Intended Loss, Ineffective Assistance of Counsel" doc. 49, following her unsuccessful direct appeal, docs. 47 & 48. Lundy claims that her sentence is too long because, in calculating it under the U.S. Sentencing Guidelines, the District Judge wrongly considered her the "master mind[]" of the conspiracy, and held her responsible for her coconspirator's conduct.[1] Doc. 52 at 2-3. She also

---

[1] Her claim is strikingly similar to the argument she raised in her appeal, and which the Eleventh Circuit rejected. *See* doc 47 (*U.S. v. Lundy*, 601 F. App'x 859 (11th Cir. 2015)). That court explained:

suggests that her appellate counsel was ineffective.[2] She wants the Court to "reconsider" the sentence. *Id.* at 3 (she requests, in unedited form, that the Court "not hold her in account to the loss in which she was not a part of a ghost amount should not be attributable to petitioner and should be attributable to Spaulding alone . . . .").

Such alleged errors (confusing someone else's criminal conduct with movant's), when blended with an ineffective assistance claim, land Lundy squarely in § 2255 territory. As the Government correctly contends, this Court must consider the substance of Lundy's motion, regardless of its label, and "[t]he only possible avenue for relief for

---

> Contrary to . . . Lundy's claim, the district court did not place undue weight on her connection with Spaulding. Because the fraud was primarily perpetrated by Spaulding, Lundy's connection to Spaulding was appropriately viewed by the district court as part of the nature and circumstances, and the weight accorded to that factor was within the district court's discretion.

*Id.* at 864.

[2] The only direct assertion of ineffective assistance of counsel is in the title of the motion. Doc. 49 at 1. Lundy suggests ineffective assistance in her assertion that her "attorney stated that she was arguing [presumably in Lundy's appeal] that the District Court's imposition of a 12-month upward variance was substantively unreasonable[,] when in fact the entire sentence was questionable." *Id.* at 2. She also complains that she "was told that the sentence that she would receive was far lessor [sic] than the one she received." *Id.* It is not clear who she contends told her she would receive a shorter sentence than she did. The sentence is, however, less than the maximum sentences in her plea agreement, where she also stated that "[n]o one [had] promised [her] that the Court will impose any particular sentence or a sentence within any particular range." *See* doc. 34 at 4.

2

Lundy at this point would be 28 U.S.C. § 2255." Doc. 51 at 2 (citing *United States v. Stossel*, 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003); 28 U.S.C. § 2255(a)).

Because Lundy has in substance filed a § 2255 motion, the Court must warn her under *Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . [it] must notify [her] that it intends to recharacterize the pleading, warn [her] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims [she] believes [she] has.").

> **Within 30 days from the date this Order is served, the Court will re-characterize your motion (doc. 52) as one falling under 28 U.S.C. § 2255. If you choose to proceed, you will lose your ability to file any successive motion on this same matter without first seeking permission to do so from the Eleventh Circuit. Any second or successive motion will be subject to the restrictive conditions set forth in 28 U.S.C. § 2244(b)(2), conditions which do not apply to a *first* § 2255 motion.**
>
> **You may: (1) have your motion ruled upon; (2) amend it (or replace it outright) to include any other claims; or (3) withdraw it entirely. You have thirty days to decide what**

**you want to do. If you do not thereafter affirm, supplement, or replace your original motion or notify this Court of your intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.**

A § 2255 motion "must be signed under penalty of perjury." Rule 2(b)(5), Rules Governing Section 2255 Proceedings for the United States District Courts. Since Lundy has not signed her motion, the Clerk is **DIRECTED** to attach to Lundy's service copy of this Order this Court's standard form 28 U.S.C. § 2255 motion. She should use that form to set out, in one document, all of her claims for § 2255 relief.

Alternatively, she may simply (by using one page with the caption of this case at the top) inform the Court that she wishes to withdraw her motion. But if she wants to proceed under § 2255, then she must *fully* complete the form motion. That means answering each question (writing "N/A" is unacceptable). And again, Lundy should present *all* of her claims for § 2255 relief at this point, as second or successive § 2255 petitions have little chance of success. She must place her response in her prison's mail system (and, if she presses onward under § 2255, she must declare that he has done so under penalty of perjury, per 28 U.S.C. § 1746) within 30 days after this Order is served.

**SO ORDERED**, this 28th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA